UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x   Civil Action No.: 09-1131

UMG RECORDINGS, INC., a Delaware corporation; LOUD RECORDS LLC, a Delaware limited liabiity company; SONY MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; and BMG MUSIC, a New York general partnership,

           Plaintiffs,

-against-

GILLIAN CURTIS AND T.C., a minor,

           Defendants.

------------------------------------------------------------ x

GLASSER, J.

GOLD, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 19 2009 ★
BROOKLYN OFFICE

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs, by their attorneys Robinson & Cole LLP, for their complaint against Defendants, allege:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3. This Court has personal jurisdiction over the Defendants, Gillian Curtis and T.C., a minor, and venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400, because, on information and belief, the Defendants reside in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

## PARTIES

4. Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

5. Plaintiff Loud Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

6. Plaintiff SONY MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

7. Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

8. Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

9. Plaintiffs are informed and believe that Defendants are individuals who resided in Staten Island, New York, within this District at the time of the infringement complained of herein. Upon information and belief, Defendants may still be found in this District.

## COUNT I
## INFRINGEMENT OF COPYRIGHTS

10. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

11. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including but not limited to, all of the copyrighted sound

recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, for which the Plaintiffs are the owners as specified on Exhibit A.

12. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

13. Much of the unlawful distribution of copyrighted sound recordings over the Internet occurs via "peer-to-peer" ("P2P") file copying networks or so-called online media distribution systems. P2P networks, at least in their most popular form, refer to computer systems or processes that enable Internet users to search for files (including audio recordings) stored on other users' computers and transfer exact copies of files from one computer to another via the Internet, which can include both downloading an exact copy of that file onto the user's own computer and distributing an exact copy of that file to other Internet users on the same P2P network. P2P networks enable users who otherwise would have no connection with, or knowledge of, each other to provide a sophisticated search mechanism by which users can locate these files for downloading and to reproduce and distribute files off of their personal computers.

14. Users of P2P networks who distribute files over a network can be identified by using Internet Protocol ("IP") addresses because the unique IP address of the computer offering the files for distribution can be captured by another user during a search or a file transfer. Users of P2P networks can be identified by their IP addresses because each computer or network device (such as a router) that connects to a P2P network must have a unique IP address within the Internet to deliver files from one computer or network device to another. Two computers

3

cannot effectively function if they are connected to the Internet with the same IP address at the same time.

15. Plaintiffs identified an individual, later determined to be Defendants, using the P2P network KaZaALite at IP address 172.128.109.238 on July 11, 2005 at 03:04:20 distributing 439 audio files over the Internet. The internet service provider responsible for the IP address identified Aurelia Curtis as the individual responsible for that IP address at that date and time. Ms. Curtis denies that she engaged in any copyright infringement. Ms. Curtis informed Plaintiffs' counsel that her daughters, Gillian Curtis and T.C., a minor, downloaded sound recordings using KaZaALite. Plaintiffs are informed and believe that as of July 11, 2005, Defendants, without the permission or consent of Plaintiffs, have continuously used, and continue to use, a P2P network to download and/or distribute to the public the Copyrighted Recordings. Exhibit A identifies the date and time of capture and a list of Copyrighted Recordings that Defendants have, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public. Through Defendants' continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted Recordings, which acts Plaintiffs believe to have been ongoing for some time, Defendants have violated Plaintiffs' exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

16. In addition to the sound recordings listed on Exhibit A, Plaintiffs are informed and believe that Defendants have, without the permission or consent of Plaintiffs, continuously downloaded and/or distributed to the public additional sound recordings owned by or exclusively licensed to Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of infringement are ongoing.

17. Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the sound recordings identified in Exhibit A. These notices of copyright appeared on published copies of each of the sound recordings identified in Exhibit A. These published copies were widely available, and each of the published copies of the sound recordings identified in Exhibit A was accessible by Defendants.

18. Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in disregard of and indifference to the rights of Plaintiffs.

19. As a result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendants' infringement of each of the Copyrighted Recordings. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

20. The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendants from further infringing Plaintiffs' copyrights, and ordering Defendants to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For an injunction providing:

"Defendants shall be and hereby are enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to

5

distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendants also shall destroy all copies of Plaintiffs' Recordings that Defendants have downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendants' possession, custody, or control."

2. For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3. For Plaintiffs' costs in this action.

4. For Plaintiffs' reasonable attorneys' fees incurred herein.

5. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 19, 2009

ROBINSON & COLE LLP

By: _____
Brian E. Moran (BM-8573)
Victor B. Kao (VK-6967)
885 Third Avenue, Suite 2800
New York, NY 10022-4834
Telephone: (212) 451-2900
Facsimile: (212) 451-2999

# EXHIBIT A

## GILLIAN CURTIS AND T.C., A MINOR

**IP Address:** 172.128.109.238 2005-07-11 03:04:20          **CASE ID#** 75215395A

**P2P Network:** KaZaALite                                                **Total Audio Files:** 439

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| UMG Recordings, Inc. | Hanson | MMMBop | Middle Of Nowhere | 238-338 |
| UMG Recordings, Inc. | Lost Boyz | Music Makes Me High | Legal Drug Money | 222-734 |
| Loud Records LLC | Mobb Deep | Quiet Storm | Murda Muzik | 293-229 |
| SONY MUSIC ENTERTAINMENT | Sade | All About Our Love | Lovers Rock | 298-354 |
| Arista Records LLC | Whitney Houston | Same Script, Different Cast | Whitney The Greatest Hits | 284-891 |
| BMG Music | Luther Vandross | I'd Rather | Luther Vandross | 298-047 |
| UMG Recordings, Inc. | Ludacris | Southern Hospitality | Back For the First Time | 289-433 |
| UMG Recordings, Inc. | Ludacris | Roll Out | Word of Mouf | 304-605 |
| SONY MUSIC ENTERTAINMENT | Destiny's Child | Brown Eyes | Survivor | 289-199 |
| Arista Records LLC | Whitney Houston | I Will Always Love You | Bodyguard Soundtrack | 152-583 |
| SONY MUSIC ENTERTAINMENT | Mariah Carey | Honey | Butterfly | 244-014 |
| SONY BMG MUSIC ENTERTAINMENT | Destiny's Child | No, No, No Part 1 | Destiny's Child | 249-898 |
| UMG Recordings, Inc. | Redman | I'll Be Dat | Docs Da Name 2000 | 263-689 |
| UMG Recordings, Inc. | Dru Hill | Never Make A Promise | Dru Hill | 227-760 |
| BMG Music | Busta Rhymes | Break Ya Neck | Genesis | 312-547 |
| Arista Records LLC | Clipse | Gangsta Lean | Lord Willin' | 321-673 |
| BMG Music | Mario | C'mon | Mario | 318-136 |
| SONY MUSIC ENTERTAINMENT | Mariah Carey | Hero | Music Box | 178-631 |
| Arista Records LLC | Whitney Houston featuring Faith Evans and Kelly Price | Heartbreak Hotel | My Love is Your Love | 298-453 |

| | | | | |
|---|---|---|---|---|
| UMG Recordings, Inc. | Nelly | Hot in Herre | Nellyville | 315-537 |
| UMG Recordings, Inc. | R. Kelly & Jay-Z | Shake Ya Body | The Best Of Both Worlds | 311-712 |
| SONY MUSIC ENTERTAINMENT | Wyclef Jean | 911 | The Ecleftic -2 Sides II A Book | 291-301 |
| SONY MUSIC ENTERTAINMENT | Good Charlotte | Lifestyles of the Rich and Famous | The Young and the Hopeless | 309-099 |
| SONY MUSIC ENTERTAINMENT | Jennifer Lopez feat. LL Cool J | All I Have | This Is Me...Then | 322-106 |
| SONY MUSIC ENTERTAINMENT | Michael Jackson | Beat It | Thriller | 41-965 |